David Tulchin from Sullivan and Cromwell for Appellant Fifth Generation. As the Court knows, we submit that the District Court here misconstrued three terms of the O2-4 patent. The issues here really are not complicated. There is nothing in the claim or any of the claims at issue of the O2-4 patent that precludes partitionability or requires a direct connection from the route bus controller to the host computer. Indeed, it seems to me that IBM has conceded that if the specification in this case discloses partitionability, then the appeal, the judgment below should be reversed. Counsel, I certainly didn't read IBM's brief that way. I understood them to say a binary tree computing system, which is what the claim calls for. And both of you treat that preamble as a limitation, as you should, because it provides antecedent basis for the host computer later on. I understood them to say a binary tree computer system, the whole system has to be of a binary tree nature. And that when you have only a binary tree component of a big computer system, which could not properly be characterized as a binary tree computer system, that's not enough under the claims. I'm sure they'll correct me if I'm misstating their position, but I don't think that this case boiled down to whether incorporation by reference means the stuff's in the spec or not from the other patents. So why don't you address that, if you don't mind. I'd be happy to, Your Honor. First, I think then, if we're all agreed, that the concept of partitionability and subtrees is incorporated by reference from the two Stolfo patents. And IBM does concede that at one point in its brief. In fact, the 024 patent, Your Honor, starts out right at the outset in column one. But, counsel, go right to the heart of my question, which is about the claim language. I mean, you're free to use your time how you wish, but I understand their primary argument to be that the claim says a binary tree computer system. And if all we have is a binary tree subpart, way down within a big computer system, which could not be characterized as a binary tree computer system, that that doesn't meet the claims. And that's the basis for their argument of non-infringement. The 540 patent, the prior Stolfo prior art patent incorporated by reference, specifically says that you can have a subtree as a system. That is incorporated by reference into the patent ensued. Then I guess you should, if you don't mind, show me the relevant part of the 540 that you think is the key disclosure. I guess it would be column six, maybe, that you're going to refer me to? Yes. Exactly, Your Honor. Column six, and I want to find the right page in the appendix. I think it was at... Column six is good enough. We've got it. Okay. Column six of the 540 patent. What line? Lines eight to 15. And particularly, Your Honor, if you look at lines 12 to 15. Functioning independent of its parent element, the data processing element, can act, not is, but can act as a root element for a sub-binary tree. How does that say that you can then treat that sub-part as the entire computer system? And it doesn't say that one can't. I mean, I think it implies very strongly that it functions independent of the parent. I mean, the 540 patent makes clear, and IBM has not disputed this, that partitionability is part of that invention, that one can have a subtree that is itself a system. Well, that's the part I don't get. What about column three, which says the same thing in slightly different languages and kind of reinforces it? It says sub-binary trees of the binary tree may act separately as separate processing systems. Correct. Column three, line 56 through 60, where, again, the sub-binary trees of the binary tree, so we're making it very clear that we're talking about a sub-part of a larger system, are acting as separate processing systems. Correct, Judge Rader. Thank you for pointing out column three. The point is we're hitting more than one place. That's three and six. We're getting a lot of references which kind of bring in your prior art, right? Yes, and there certainly is nothing in the claim, in the 024 patent, which eliminates the possibility that a subtree would be considered a separate system. If there were something in the specification or claim that indicated that the system has to mean the whole and that one cannot take a subtree or partition, then, of course, IBM would have told us about it. But there is nothing. But, counsel, that same line that Chief Judge Rader read says the subtrees of a binary tree. I think if I understand IBM's accused device, which I probably shouldn't say I do because I don't, but so assuming I understand at least this much about it, that their entire system is not a classic binary tree, that there's an awful lot of stuff between the host computer and the subparts you'd like to reach down to that no one would characterize as binary tree. No, I don't believe that's IBM's position. I don't believe it is at all, and I don't think that's consistent with the facts. I better let them argue their own case. Okay. I think one way to get a very clear picture of the difference between the parties in this case and where we think Judge Rakoff went wrong, we show this at page 28 of our opening brief. And what we did there was to look at figure 1 and figure 8 of the 024 patent. Both, obviously, are embodiments. This is page 26. I think I said 28. My apologies. Page 26 of our opening brief. Figures 1 and 8 taken directly from the 024 patent. And what we did there was to highlight in yellow a portion of, we would say, Judge Moore, a binary tree, a subtree of figure 8. The highlighted portion of figure 8 is exactly figure 1. It is figure 1 with one exception. The bus controller, identified on the left as BC2, that would be the root bus controller, connects to the computer, the host computer, through another bus controller, BC1. In other words, they don't come directly from a host. Correct. But in no case does the bus controller connect directly to the host. In every case, the root bus controller connects through a driver and a PCI. Does the PCI likely have its own bus controller in it? No, I don't believe so, Your Honor. I don't believe so. There's no indication of that, at least in the patent, as far as I'm aware. But a PC interface would have a bus controller, right? Because you'll have systems working at different speeds, and you have to bring them into the same language and speed before you go on to the host computer, right? That may well be, Judge Rader, but that's not part of the invention of the 024 patent. The 024 patent built on the former Stolfo inventions, the two Stolfo patents. It seems to me you'd like to have that be the case, however, because every figure that shows the root controller connected to a host shows it's connected through a PC interface. It does. But if that PC interface is connected to other systems, then you've shown that it's a subsystem within a larger system. And I think that's right. It's a matter of logic, but as I said earlier, I don't think the patent discusses this one way or the other. Okay, thank you. But Figures 1 and 8, the highlighted portion of Figure 8, with this one exception of the root bus controller connecting through another bus controller. The essence of IBM's position on this issue is that the word directly should be read into Claims 1 and 7 of the 024 patent. There's something there that requires a direct connection. And in fact, the only thing IBM points to, it's in a footnote in IBM's brief on page 27, and they point to some language from the 201 patent to A360 in the appendix, column 10, lines 53 to 58. We've dealt with that in a reply. There's nothing in that language, nothing. Nowhere does that language require that there must be some direct connection. And in fact, I'm not really sure what the IBM argument there is. But in my understanding, your argument to me, connection means communication with. Is that right? Yes. And in fact, connection merely means connection. Communication with is sort of the inevitable result. Well, wait, does that mean that it doesn't have to communicate to be connected with? For two electrical components to be connected to each other, I generally think of them as having to be capable of passing information of some kind between them. But is that not? And they are. They are in this case. But is that your, I want to understand your definition of connected to. There is no such requirement in the 024 patent. I mean, the claim talks about connection. The claims 1 and 7 talk about connecting the binary tree to the host computer. It doesn't talk about communicating. The 540 patent. What does connected to mean? I think it means connected to electrically, just as your Honor said. Well, if nothing is actually passed, if no electrical signal is, say, capable of being passed from one to the other or is actually passed from one to the other, would those two things be connected still? No, I don't think so. I don't think anything in this case turns on that, nor is there some argument here that anything would turn on the difference between connected and communicating. But the words used in the specification are connected. The 540 specification, incorporated by reference, again shows, this is at column 3, lines 18 to 20, column 16, lines 3 to 5, column 16 later at 24 to 26, and in other places, talks about connection. Even if it's communication, it would make no difference for purpose of this case, your Honor. So if we are right, and I believe we are, that there's no requirement of direct connection, then Judge Rakoff necessarily got it wrong when he defined root bus controller the way he did. If a partitionable portion of the system is a system, and we think that's clear as well, and you look at figures... For a partitionable portion to be a binary tree computing system under the claims, you do agree that it has to be, I guess you would say, connected to the host computer, is that right? Yes. And you think it's connected to the host computer even if they're... And it also has to be controlled by the host computer also, right? That's correct. Aren't there times when, let's look at your figure 8, when BC1, which is arguably the root computer of the whole thing, but maybe not the subpart, aren't there times when BC1 is effectively acting as, but isn't, the host computer and sending simultaneous instructions to BC2 and BC3 to process and parallel the same information? Not as far as the patent is concerned. It may be. I thought the patent disclosed the utility of simultaneous processing to verify accuracy of results and all of that. I thought the patent actually disclosed exactly that. Well, the host computer, I mean, as certainly is disclosed in these figures and in the other embodiments, is not BC1. Okay, so if BC2 is acting and can't be controlled by the host computer, you would agree it's not acting as a binary tree computing system under the claims? If BC2, even if you're arguing it's functioning as a root computer, if it's not being controlled by the host, then you would agree it's not within these claims? No, the root bus controller, BC2, is controlled by the host computer. Judge Rakoff, in fact, got the control portion of this slightly wrong himself. He talked about control of the root bus controllers when the patent doesn't speak to that at all. The patent talks about control. Mr. Tolchin, you're past your full time. Do you have a final word for us here? No, Your Honor. I'm happy to deal with this in rebuttal. Well, you consumed your rebuttal. What we'll do is we'll give you three minutes back, and if you'd give Mr. Damaris, my clerk, an extra three minutes should he need to use it. Thank you.  Thank you, Your Honor. Just a second, Mr. Damaris. Do we get the time right? You may proceed. Thank you, Your Honor. Good afternoon. May it please the Court, John Damaris for IBM. One term and one term only controls the outcome of this appeal, root bus controller. It's the only term that this Court needs to address. The district court, if you agree with the district court, Fifth Generation has agreed there's no infringement, and that was on the basis on which judgment was entered. Now, Fifth Generation's principle argument that any of the bus controllers can be the root bus controller ignores the intrinsic evidence of the 024 patent and the specific requirement that it's the root bus controller that is connected to the host and which the host controls. No, it's the connecting said binary tree to said host computer. Right, and Fifth Generation's argument is that you can designate any one of the bus controllers to do that, and that flies in the face of the intrinsic evidence. If we look at what is actually said in the specification and the claims of the 024, which is a patent. Can we incorporate by reference all of the prior art that they specifically themselves incorporate? Certainly, Your Honor, and Judge Moore correctly characterized IBM's position the two times she did that, so you were correct, Your Honor. We don't take issue, IBM does not take issue with the ability of a patentee to incorporate by reference, and we don't take issue with the fact that those two prior patents were, in fact, incorporated by reference in this case. It says it right in the specification. That's not our issue. Our issue is you don't incorporate by reference, and then the claims of your patent don't then have to cover all the embodiments that are in the incorporated prior art. You have to look at why it was incorporated. What the applicant did in this particular case, they didn't incorporate those patents into the invention. In the background of the prior art, before they ever got to what their invention is, they said parallel processing systems and binary trees are old. Here are two examples, and they incorporated those prior art patents in by reference so they didn't have to describe what's in them, but then they said we're different from those, what we did here, and then they described their invention. If they had said in the descriptive part of their invention or in the summary of their invention, we have a parallel processing system of bus controllers, we believe it also applies to subtrees, see the following patents, we incorporate them by reference. That would be something totally different, Your Honor. Mr. Damaris, we have kind of a difficult situation here. Each system is defined independently, and within each system you can have a highest order and a parent, and that can be true of that system even if it's connected to another system above and even another system below. Each of those systems can be, for their own system, the highest order, and then be connected on to something else. In the abstract, but not in the description of this invention. Let me take you through what this patent actually is. Well, but that's what the prior art shows, is that the systems can be parts of other systems very easily. In the prior art patents, the two that were incorporated by reference, they did use the language that you reviewed in the counsel's testimony. I'm not taking issue with that, that in those systems they did say that in certain instances subportions can act as a subsystem. They did not say those subsystems are an entire binary tree, but there are very important distinctions between what was happening in those prior art patents and what the 024 is about. For instance, those two prior art systems are binary trees of processors. When you look at the architecture of the 024, it's a binary tree of bus controllers. It's an entirely different architecture. When you look at the prior art systems about how they expanded, they grew the tree long-wise, creating further depth of processors. When you look at how the binary tree of bus controllers is expanded, it's laterally with cards, and they're preformed cards. They never go more than three deep. It's an entirely different system. Is it true? I'm sorry. More importantly, I better let you get that out. Let me get that out, because I think it drives the answer in this case. More importantly, if you look at how the 024 described the root bus controller, there's only one conclusion you can have. Right in the abstract, they say it's one of the bus controllers is a root controller that connects the binary tree to the host. Now, let's talk about that for a minute. Plain meaning, what do you envision when you hear the word root of a tree? That's what we're talking about here. It's a binary tree, and there is a root at the far end of the tree.  My trees have got a lot of roots. They have a lot of roots, but they don't have a lot of branches that are below the roots. That's the point. The root is at the very extreme of the tree. But these are computer systems. We understand implicitly that there are systems within systems within systems. Well, let me continue. That's the whole purpose of computers. And, indeed, the purpose of this invention is to have parallel processing going on at all different layers and bringing them back together and splitting them out again and bringing them back together. Let me continue, because I think the intrinsic evidence really does drive the result. It says right in the abstract, one of the bus controllers is the root that connects the binary tree to the host computer. In the figures, every single figure, figure 2, figure 7, figure 8, and figure 1. Agreed, but that host can have a host above it, too, can't it? In other words, everything you said can apply to a subsystem within a much larger system. Not in the patented claim, and I'm going to get to that. That comes into play very clearly from looking at, number one, the implicit understanding of computer systems, but it's incorporated by reference directly from the prior art. Not invention. The prior art incorporated by reference is an incorporation showing what the prior art was, and the applicant here taught away from that. Let me continue. I'll explain why. In the detailed description, your honor, column 2, line 41, it says node BC1 is the root and attaches the tree to the host. It says attaches the tree to the host through the driver and the PCI bus. Then it says in column 2 also at line 50. There's the key. The bus itself, I mean the PCI, the PC interface, has a bus controller. So there is a controller between the system you're talking about and the host computer. What's that for? That's to connect it to other systems. Implicitly within the patent itself, it's showing you that this can be part of a larger system. Actually, the way that that attachment works in this system is there is a host computer, and then there's a binary tree of bus controllers, and the way you connect a host computer to a peripheral component is through a bus. A bus is an electric, it's a wire. You can look that up in Google on the Internet. Everybody knows what a bus is. So the only way to connect the binary tree of bus controllers to the host computer is over a wire or a bus. A PCI bus is simply, PCI just stands for peripheral component interconnect. It's how you connect a computer to peripheral components, which is the binary tree. The driver, the only thing a device driver does is take the electric signals from the components and put them on the wire. So you can't connect a binary tree of bus controllers directly to a computer without a bus and a driver. That's how it works. That is not an additional component. It is how you do a direct connection. But then if you go on in the specification, Your Honor, at column 2, line 50, it says, and I think this is a very important point. The improvement here is the addition of bus controllers. There's nothing to say that those bus controllers preclude partitionability. There's nothing in this that disclaims partitionability. It's not a question of disclaiming. It's a question of what does the claim actually say. And I'm going to tell you here, it says exactly what's in the intrinsic evidence. In column 2, line 50, it says the system. You're going to tell us the claim requires it. Go to the claim. It's the very next thing I'm going to say. I just have one last piece of intrinsic evidence that I think is important for you to hear, which is column 2, line 50. It says the system of figure 1 illustrates the basic structure of the binary tree parallel computer system of the invention. Each node, BC, is connected upstream to a parent node except for the root node, BC1, which is connected to the host. It says that's the system of the invention. It's the only thing described. And then when you go to the claims, that's exactly what the claims say. Claim 1 and claim 7 use exactly the same language. They say, quote, one of said bus controllers being a root bus controller for connecting said binary tree connected bus controllers to said host computer. For connecting is the only thing that that could mean. Does that explain the fact that that connection can be embedded in a larger system? It's not. The connection is to the host computer, but there's something in between. Where does it say that it precludes that? As you see from the intrinsic evidence, it's not connection in the electrical sense. It's connection in the sense of it is the bus controller that is connecting. Do you see anywhere the word direct connection here? I don't see that. That's what you're arguing. You want direct connection. But I don't see that anywhere. I'm not arguing to insert the word direct in that context, Your Honor. What I'm arguing is if for connection doesn't mean that it's... That means any broad connection, as long as I can go maybe 1,000 feet removed here, there's a connection. It's for connecting. If that's the case, Your Honor, then those words don't mean anything. Yes, sir, they are. What is the point of that? They're for connecting, and they are connected. The question is you want it to say direct connection, don't you? And it doesn't. I absolutely don't want it to say... Your answer is that it doesn't say ultimately connected. What it doesn't say... Indirectly or ultimately. What it says is it says there is one route bus controller for connecting the subtree system to the host. There would be no point in writing that if any of the bus controllers that's electrically connected or indirectly connected or connected in some manner, if there wasn't some communication between that route with the host, there would be no point in writing that limitation. That limitation is meaningless. You could strike it from the patent, and you can do this exercise, strike that limitation for the patent, and then fifth generation's interpretation of this claim would make sense, which is any one of those bus controllers that is in any way electrically connected, which is what their argument is, then you'd have a system which makes absolutely no sense. When you look at the way that those prior art systems were described, they were described as prior art, and then they were pushed aside, and the inventor said in our system it's different. We have a binary tree of bus controllers, and here's how it works, and in every single instance they tell you that route, which by plain English means the termination point, is the thing that's connected to the host. It happens in every single figure and in every single description, and they even say, they go on to use the words, this is what attaches it. They go on to say every single bus controller has a parent except this one, which is connected to the host. It's the only thing that makes sense. And I'll point out that in those two prior art patents, which are fifth generation patents, they actually describe and claim subtree systems. And this goes back to Judge Moore's point earlier, which is in those prior systems they had a whole binary tree, and then they said in the independent claims they claim a binary tree system, and then in dependent claims they say we'll claim a subtree of that greater binary tree system. So fifth generation knew how to draft claims that covered a binary tree system, and they didn't do that here. And if you look at the description of how they did it, they used language that would in fact preclude a subtree system by saying that you've got to have the fork connection to the host, which doesn't mean anything if it doesn't mean the one at the top of the tree that is used for the communication with the host. And Judge Moore made a very interesting point earlier in the comments with fifth generation, which is there has to be, for this system to make any sense, there has to be communication between the host and the root bus controller so that instructions from the host can go to the root and that results from the root can go to the host. That's the whole point of having a system set up this way. The other two terms, which are not critical to this appeal, but I think shed light on what actually is going on here, is the next term is host computer that fifth generation appeals. The issue here is simple. Is the host computer connected to and controlling any binary tree system or is it connected to and controlling a binary tree system of bus controllers? And again, if you just look at the plain language of the claim, it says right in claim one that a root bus controller for connecting said binary tree connected bus controllers to the host. It's clear right from the intrinsic evidence what is connected to the host is a binary tree of bus controllers. And fifth generation is arguing that the district court was wrong for saying the host was connected to binary tree bus controllers. They want to broaden it out to any binary tree system. Clearly contrary to the claim. In the IBM system, is it correct that there is a binary tree but you would say it's a binary tree component of a larger computer system which connects up to the host which isn't a binary tree computer system? Almost, Your Honor. We take issue with whether there's any binary tree at all, but you have correctly characterized our system, which is we have a lot of things going on, a lot of processes going on, that have nothing to do with a binary tree. And what fifth generation's argument for infringement is going to be is they're going to look for a piece down here very remote from the host and argue that there's some parallel processing going on. We would argue that that's not even the parallel processing of the claim system, but you're right. There is many layers of processors in our system that have nothing to do with binary tree structure between the host and what fifth generation will ultimately argue is a binary tree. If we were to accept the proposed interpretation and reverse the lower court, would the result be that every computer system that has even a minuscule part, 1% of its processing system, happens to have a binary tree configuration in it? Those would all then infringe this claim if they have also the bus control. Well, that's the whole problem with fifth generation's arguments. They obviously didn't invent that.  When you look at fifth generation's interpretation, if you find any parallel processing in any system, they've invented it, which is clearly not what they've done. Did I understand there to be an argument at the lower court, and I may not be remembering this right because I don't think it's on appeal to us, but that binary tree wasn't even limited to the two-tier configuration but could include three, what I would think of as trinary, or four, or something like that? Well, yeah, fifth generation made all sorts of arguments about that. They weren't even restricting it to a true binary tree. They were arguing that some branches of the tree could just be unitary, where it's processor, processor, processor with no branching. But Judge Rakoff ruled for us in that regard, and that issue is not on appeal. But, yes, that was their argument. They were trying to get a patented invention where if you find any piece of parallel processing anywhere in a larger system, they want to claim that they invented it, and that's clearly not what happened here. But if you look at what they're trying to do on the last term, binary tree computer system, again, it's exactly the same point. They even concede in their brief that the district court's interpretation of the binary tree computer system might not be wrong, which they said in the brief. Of course it's not wrong. The district court got it exactly right. What they want to add to the claim is or partitionable portion of a computer system. Let's talk about Figure 8, and if you don't mind, we'll focus on their yellowed coloring in part. I'm sure you know what I'm talking about. Suppose the host were to send to BC1 a signal that said have BC2 process this. So BC1 was just a pass through, and nothing at all went to BC3, nothing, via the host computer's control and order. Everything went straight down through BC1 to BC2. It just pushed it right through. Then would the structure of BC2 all the way up to the host be its own binary tree computer system? Would the shaded area then be a binary tree computer system if the host was ordering BC1 to ignore BC3 and everything on that other side? It depends whether what we're looking at here is actually a circuit diagram or just a functional diagram. What I mean by that is if this was a circuit diagram, I would probably say no because the claim requires BC2 to be the root controller that connects to the host. Why wouldn't it be the root controller if the host ordered BC1 stand down and pass through? Why wouldn't BC2 then be actually functioning 100% as the only root controller in the system? BC1, look, we can all tell BC1 be dead. It's like a switch. That's why I was saying I don't know whether this is a functional diagram or a circuit diagram. Certainly if the host was communicating directly with BC2 over wires that merely pass through BC1, I think Your Honor might have a point. I can't tell from this diagram whether this is actually an implementation or just a functional diagram. You do need directly. You need that directly point. The way the claim talks about the root bus controller, it is the bus controller that is communicating or is for connection. Directly is the word you used, right? It is for connection with the host. But as Judge Moore helped you understand, that's a direct connection, right? It depends what you mean by direct, and this is why I'm struggling, Your Honor. If BC1 is taking the instructions from the host and interpreting them and changing them and sending them along, that changes the answer to the question based on the way that it's claimed. And that's why I'm saying it's not a question of the word direct. It's a question of what is actually happening in the system and what is actually happening at BC1. Is BC1 doing something to the communication that means that it is BC1, in fact, that is communicating with BC2 and it is BC1 that is in fact directing. Do we find that in the district court's opinion? No, that would be an infringement question about how the particular product worked. What the district court said, which is the correct claim construction, not aside from how products work, is that the patent applicants described the root bus controller as the bus controller that doesn't have a parent controller that communicates and connects with the host. Thank you, Mr. Damaris. Thank you, Your Honor. We now need to give four minutes to Mr. Tolchin and then we'll have it about right. Mr. Tolchin, you may proceed. Perhaps I can even be briefer than that, Your Honor. Good. Three quick points, if I might. I think Judge Moore's question illuminated the point I was trying to make about figure eight much better than I did. It is the right point that that bus controller is connected to the host. Claims one and seven of the 024 patent read on, obviously they read on figures one and eight. They are embodiments. But claims one and seven also read on the highlighted portion of eight, which is exactly figure one with the one exception of that bus controller. Secondly, my adversary made the argument, I think in an effort to denigrate the importance of the incorporation by reference of the prior two Stolfo patents, that somehow they were incorporated and referred to, but then he said they were pushed aside. I don't quite understand that. Column one of the 024 patent is very clear that the system described in those two patents, 201 and 540, is the basic architecture which is being improved upon by the addition of bus controllers. So they're not pushed aside. It is the same architecture. It is the same system with that improvement. The improvement, of course, to act as a kind of bucket brigade to transfer data and instructions up and down. So rather than being pushed aside, the two Stolfo patents are clearly essential and are disclosed in the specification. Last point, and I think this is something, Judge Rader, that you addressed. My adversary said that our argument is that any bus controller and every bus controller can be a root bus controller. That we've taken it that far. That's not correct. Only the highest order bus controller in any given system or subtree, perhaps subsystem. So in figure eight, you wouldn't say BC4, 5, 6, or 7 are ever functioning as a root bus controller. No. And of course, the abstract and elsewhere of our patent talk about one bus controller, one per system. But you agree the root bus controller, whichever one we are defining, it has to exercise control. It has to control its component branches. That's what a root bus controller would do, right? Yes. It is. I don't think that eliminates the point that I think the court was making to my adversary earlier, that the word direct, the direct connection, that does not appear in the claims and there is nothing in the specification to indicate that the connection need be direct at all. That's all I have unless there are further questions. Thank you very much for your time.